[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Allstate Insurance Company requests the court to vacate, correct, or modify an arbitration panel's award of $218,758.00 under the provisions of two automobile insurance policies which provide underinsured motorists coverage. The claimant, Regina Link, requests the court to confirm the award. For the reasons stated below, the award is reduced from $218,758.00 to CT Page 10859 $118,758.00.
On October 24, 1986, Regina Link was operating a 1982 Datsun on Route 59 in Easton, Connecticut. Her vehicle was struck by a vehicle operated by Marc DeLuca. As a result of the accident, Link was injured.
DeLuca was insured under an automobile insurance policy. The insurer paid Link the $100,000.00 liability limits on DeLuca's policy.
At the time of the accident, Link was insured under two Allstate automobile insurance policies. Link sought underinsured motorists benefits under the Allstate policies. Allstate and Link were unable to agree on Link's entitlement to benefits. The parties proceeded to arbitration.
On June 16, 1992, the arbitrators rendered their decision. The arbitrators found that the available underinsured motorists coverage was $600,000.00 and that Allstate was entitled to a $100,000.00 credit for the amount paid by the tortfeasor's liability carrier. The arbitrators further determined that Allstate was entitled to a credit of $281,244 for workers' compensation benefits paid to Link. Thus, the arbitrators determined Link was entitled to $218,758.00.
The arbitrators correctly determined that Regina Link is entitled to underinsured motorists coverage under each of the two policies. In arriving at this conclusion, the court rejects Allstate's assertion that the Supreme Court in Covenant Insurance Company v. Conn, 220 Conn. 30 (1991) barred intra-policy stacking. Regina Link is the named insured in policy number 019771046. This policy provides $100,000.00 of coverage for each of four vehicles. Thus, she has $400,000.00 of coverage under this policy. Regina Link and her husband are named insureds in policy number 019610764. This policy provides $100,000.00 of coverage for each of two vehicles. She has $200,000.00 of coverage under this policy. Together, these two policies provide potential coverage of $600,000.00.
The arbitrators incorrectly applied the tortfeasor-credit when they determined $500,000.00 of coverage is actually available. The tortfeasor had $100,000.00 of liability insurance. This amount was paid to Regina Link on behalf of the tortfeasor. Each Allstate policy provides in Part V, at page CT Page 10860 24, for the reduction of the limits of underinsured motorists coverage by all amounts paid by the owner or operator. This provision is in conformance with General Statutes 38a-336(b) and Insurance Department Regulations 38-175a — 6(d)(1). The credit reduces Allstate's underinsured motorists coverage under policy number 019771046 to $300,000.00 and reduces Allstate's underinsured motorists coverage under policy number 019610764 to $100,000.00. See Aetna Casualty Surety Co. v. CNA Ins. Co.,221 Conn. 779, 783 (1992) (f.n. 2). The total coverage available to the claimant is $400,000.00.
The arbitrators found Allstate is entitled to a credit for workers' compensation payments of $281,244.00. This finding is not disputed.
The arbitrators determined that Allstate is not entitled to a credit for future workers' compensation awards. Allstate claims this determination is erroneous. Allstate, however, has not cited a factual basis which would have allowed the arbitrators to determine the value of a future award. Allstate has also failed to provide the court with a record of the arbitration proceedings. Accordingly, this court can not review the factual basis for this claim.
Allstate claims the arbitrators should have ordered Regina Link to hold in trust for Allstate any workers' compensation benefits which she may be awarded in the future. There is no authority for this contention.
Based on the foregoing, the award of $218,758.00 is reduced by $100,000.00 to $118,758.00.
THIM, JUDGE